Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
Ashly E. Sands (AS 7715)
asands@ipcounselors.com
Danielle S. Futterman (DY 4228)
dfutterman@ipcounselors.com
Gabriela N. Nastasi
gnastasi@ipcounselors.com
EPSTEIN DRANGEL LLP
6 East 45th Street, 7th Floor,
New York, NY 10017
Telephone: (212) 292-5390
Facsimile: (212) 292-5391
*Attorneys for Plaintiff*
*The Pinkfong Company, Inc*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE PINKFONG COMPANY, INC., <br><br> *Plaintiff* <br><br> v. <br><br> ADAPIN, ALIU, DUOGO, FEWLIGHT, FICOOTOP-DIRECT, HEFEIHEYUKUNSHANGMAOYOUXIANGONGSI, HIPI STORE, HIRSEYY, HOMINN-US, HOYINGG, HUXING SHANGMAO, JILIMU-US, JUNGUOSHANGMAODIAN, KUNMINGSUOLIANYUANSHANGMAOYOUXIANGONGSI, LIANGBAOYING2707, LIUXIANZHI, PARTYREAL, QULUYAODE, SHENJINGSHUODEDIAN, SUN HAO PENG, WXUANX, YUNCHENGSHIYANHUQUZIXINGSHANGMAOYOUXIANGONGSI, ZHANGXUELIANG1997 and 昆明五华莞严胜商贸有限公司 a/k/a KUNMING WUHUA WANYANSHENG TRADING CO., LTD. <br><br> *Defendants* | CIVIL ACTION NO. <br> **24-cv-3185 (LJL)** <br><br><br> **ORDER GRANTING ALTERNATIVE SERVICE BY EMAIL FOR THE DEREGISTERED DEFENDANTS AND UNSUCESSFUL HAGUE DEFENDANTS** |

**GLOSSARY**

| Term | Definition | Docket Entry Number |
|---|---|---|
| **Plaintiff** | The Pinkfong Company, Inc. | N/A |
| **Defendants** | ADAPIN, Aliu, DuoGo, Fewlight, Ficootop-Direct, hefeiheyukunshangmaoyouxiangongsi, Hipi Store, HIRSEYY, hominn-us, Hoyingg, Huxing shangmao, JiLiMu-US, junguoshangmaodian, KunMingSuoLianYuanShangMaoYouXianGongSi, liangbaoying2707, liuxianzhi, Partyreal, quluyaode, shenjingshuodedian, sun hao peng, WXUANX, yunchengshiyanhuquzixingshangmaoyouxiangongsi, ZhangXueLiang1997 and 昆明五华莞严胜商贸有限公司 a/k/a Kunming Wuhua Wanyansheng Trading Co., Ltd. | N/A |
| **Amazon** | Amazon.com, a Seattle, Washington-based, online marketplace and e-commerce platform owned by Amazon.com, Inc., a Delaware corporation, that allows manufacturers and other third-party merchants, like Defendants, to advertise, distribute, offer for sale, sell and ship their retail products, which, upon information and belief, primarily originate from China, directly to consumers worldwide and specifically to | N/A |
| **Deregistered Defendants** | Aliu, Hipi Store, Hoyingg, Huxing shangmao, JiLiMu-US and yunchengshiyanhuquzixingshangmaoyouxiangongsi | N/A |
| **Unsuccessful Hague Defendants** | ADAPIN, Fewlight, Ficootop-Direct, hefeiheyukunshangmaoyouxiangongsi, HIRSEYY, hominn-us, junguoshangmaodian, KunMingSuoLianYuanShangMaoYouXianGongSi, liuxianzhi, shenjingshuodedian, sun hao peng, WXUANX and ZhangXueLiang1997 | N/A |
| **Epstein Drangel** | Epstein Drangel LLP, counsel for Plaintiff | N/A |
| **New York Adress** | 244 Madison Ave, Suite 411, New York, New York 10016 | |
| **Sealing Order** | Order to Seal File entered on April 24, 2024 | 1 |
| **Complaint** | Plaintiff's Complaint filed on April 26, 2024 | 6 |
| **Application** | Plaintiff's *ex parte* Application for: 1) a temporary restraining order; 2) an order restraining Merchant Storefronts (as defined *infra*) and Defendants' Assets (as defined *infra*) with the Financial Institutions (as defined *infra*); 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery | 10, 13-15 |
| **Yang Dec.** | Declaration of Su Jeong Yang in Support of Plaintiff's Application | 15 |

i

| | | |
|---|---|---|
| **Nastasi Dec.** | Declaration of Gabriela N. Nastasi in Support of Plaintiff's Application | 14 |
| **TRO** | 1) Temporary Restraining Order; 2) Order Restraining Merchant Storefronts and Defendants' Assets with the Financial Institutions; 3) Order to Show Cause Why a Preliminary Injunction Should Not Issue; 4) Order Authorizing Bifurcated and Alternative Service; and 5) Order Authorizing Expedited Discovery entered May 1, 2024 | 16 |
| **PI Show Cause Hearing** | May 14, 2024 hearing to show cause why a preliminary injunction should not issue | N/A |
| **PI Order** | The Preliminary Injunction Order entered on May 15, 2024 | 17 |
| **Baby Shark Content** | One of Pinkfong's most successful creations, which is the Pinkfong "Baby Shark" song and viral music video with characters | N/A |
| **Baby Shark Application** | U.S. Trademark Serial Application No. 88/530,086 for registration of "BABY SHARK" for a variety of goods in Classes 2, 3, 9, 14, 16, 18, 20, 21, 24, 25, 26, 27, 28, 29, 30, 32 and 41 | N/A |
| **Baby Shark Registrations** | U.S. Trademark Registration Nos. 6,834,502 for "BABY SHARK" for a variety of goods in Classes 2, 3, 9, 14, 16, 18, 20, 21, 24, 25, 26, 27, 28, 29 and 30; 5,803,108 for "BABY SHARK" for a variety of goods in Class 28; 6,488,471 for "BABY SHARK" for a variety of goods in Classes 9, 16, 25 and 41; 7,249,577 for "BABY SHARK" for a variety of goods in Class 5; 4,515,238 for "BABY SHARK U.S.A" for a variety of goods in Class 28; 5,483,744 for "PINKFONG" for a variety of goods in Classes 3 and 21; 5,327,527 for "PINKFONG" for a variety of goods in Classes 9, 16 and 28; 4,993,122 for "PINKFONG" for a variety of goods in Classes 9 and 25; 6,487,494 for "PINKFONG" for a variety of goods in Classes 2, 3, 9, 14, 16, 18, 20, 21, 24, 25, 26, 27, 28, 30 and 41; 7,249,570 for registration of "PINKFONG" for goods in Class 30; 6,138,374 for **pinkfong** for a variety of goods in Class 41; 6,337,210 for "PINKFONG BABY SHARK" for a variety of goods in Class 21; 6,343,519 for "PINKFONG BABY SHARK" for a variety of goods in Class 25; 7,299,750 for "PINKFONG BABY SHARK" for a variety of goods in Class 25; 7,249,578 for "PINKFONG" for a variety of goods in Class 5; 6,503,438 for "PINKFONG" for a variety of goods in Class 5; and 6,495,600 for [musical notation] for a variety of goods in Classes 9 and 41 | N/A |

ii

| | | |
|---|---|---|
| **Baby Shark Marks** | The marks covered by the Baby Shark Registrations and Baby Shark Application | N/A |
| **Baby Shark Works** | U.S. Copyright Registration Nos.: VA 2-130-856, covering Baby Shark; VA 2-130-847, covering Daddy Shark; VA 2-130-854, covering Mommy Shark; VA 2-131-983, covering Pink Fong Mascot | N/A |
| **Baby Shark Products** | A wide variety of consumer products created via an extensive worldwide licensing program such as toys, sound books, t-shirts, associated with and/or related to the Baby Shark Content | N/A |
| **Counterfeit Products** | Products bearing or used in connection with the Baby Shark Marks and/or Baby Shark Works, and/or products in packaging and/or containing labels and/or hang tags bearing the Baby Shark Marks and/or Baby Shark Works, and/or bearing or used in connection with marks and/or artwork that are confusingly or substantially similar to the Baby Shark Marks and/or Baby Shark Works and/or products that are identical or confusingly or substantially similar to the Baby Shark Products | N/A |
| **Infringing Listings** | Defendants' listings for Counterfeit Products | N/A |
| **User Accounts** | Any and all websites and any and all accounts with online marketplace platforms such as Amazon, as well as any and all as yet undiscovered accounts with additional online marketplace platforms held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them | N/A |
| **Merchant Storefronts** | Any and all User Accounts through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them operate storefronts to manufacture, import, export, advertise, market, promote, distribute, display, offer for sale, sell and/or otherwise deal in Counterfeit Products, which are held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them | N/A |
| **Defendants' Assets** | Any and all money, securities or other property or assets of Defendants (whether said assets are located in the U.S. or abroad) | N/A |
| **Defendants' Financial Accounts** | Any and all financial accounts associated with or utilized by any Defendants or any Defendants' User Accounts or Merchant Storefront(s) (whether said account is located in the U.S. or abroad) | N/A |
| **Financial Institutions** | Amazon.com, Inc., Amazon Payments, Inc. ("Amazon Pay"), PayPal Inc. ("PayPal"), Payoneer Inc. ("Payoneer") and PingPong Global Solutions, Inc. ("PingPong") | N/A |

| **Third Party Service Providers** | Online marketplace platforms, including, without limitation, those owned and operated, directly or indirectly, by Amazon, such as Amazon.com, as well as any and all as yet undiscovered online marketplace platforms and/or entities through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them manufacture, import, export, advertise, market, promote, distribute, offer for sale, sell and/or otherwise deal in Counterfeit Products which are hereinafter identified as a result of any order entered in this action, or otherwise | N/A |
|---|---|---|
| **Supplemental Nastasi Dec.** | Declaration of Gabriela N. Nastasi in Support of Plaintiff's Motion for Alternative Service for the Deregistered Defendant and the Unsuccessful Hague Defendants | TBD |

This matter comes before the Court by motion filed by Plaintiff for an Order granting alternative service by email for the Deregistered Defendants and the Unsuccessful Hague Defendants.

The Court, having considered the Memorandum of Law and Supplemental Declaration of Gabriela N. Nastasi, the Court hereby GRANTS the Motion for Alternative Service as to the Deregistered Defendants and Unsuccessful Hague Defendants.

Accordingly, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

1) Pursuant to Fed. R. Civ. P. 4(f)(3), as sufficient cause has been shown, that service may be made on, and shall be deemed effective as to the Deregistered Defendants and Unsuccessful Hague Defendants if it is completed by the following means:

2) delivery of: (i) PDF copies of the Summons and Complaint, and (ii) a link to a secure website (including NutStore, a large mail link created through Rmail.com and via website publication through a specific page dedicated to this Lawsuit accessible through ipcounselorslawsuit.com) where the Deregistered Defendants and Unsuccessful Hague Defendants will be able to download PDF copies of the Summons and Complaint and all papers filed in support of Plaintiff's Application at Deregistered Defendants' and Unsuccessful Hague Defendants' e-mail addresses as identified by Amazon pursuant to **Paragraph V(C)** of the TRO.

**SO ORDERED.**

SIGNED this ___6th___ day of ___February___, 2026, at ___11:00___ a.m.

The motion is GRANTED given Plaintiff's diligent efforts to obtain addresses for the relevant defendants and its demonstrated inability to do so. *See Cawthon v. Zhousunyijie*, 2024 WL 1156073, at *5 (S.D.N.Y. Mar. 18, 2024) (granting motion for default judgment where plaintiff performed alternate service on defendant in China, as plaintiff demonstrated that defendant's address was not known after exercising reasonable diligence).

HON. LEWIS J. LIMAN
UNITED STATES DISTRICT JUDGE

The Clerk of Court is respectfully directed to close Dkt. No. 42.

1